**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10359 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00300-KJD-NJK-1 |
| v. | |
| HANS VINCENT EDLING, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Hans Vincent Edling appeals from the district court's judgment and

challenges the 51-month custodial sentence and 3-year term of supervised release

imposed upon remand for resentencing following his guilty-plea conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Edling contends that the district court impermissibly imposed the custodial sentence in order to promote his rehabilitation in violation of *Tapia v. United States,* 564 U.S. 319 (2011). The district court did not plainly err. *See United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011). Though the court stated that Edling would have an opportunity to complete drug treatment while in custody, this statement was responsive to the parties' dispute regarding Edling's efforts to participate in drug treatment. The record does not suggest that the court imposed or lengthened the sentence out of concern for Edling's rehabilitative needs. *See Tapia,* 564 U.S. at 334 (federal court does not run afoul of 18 U.S.C. § 3582(a) by "discussing the opportunities for rehabilitation within prison").

Edling next contends that the district court procedurally erred by failing to explain adequately the term of supervised release. Again, the district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record as a whole reflects the district court's reasons for imposing the same within-Guidelines term of supervised release it had previously imposed. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole).

Finally, Edling contends that the 51-month sentence is substantively unreasonable in light of his health, his conduct since the first sentencing hearing,

his acceptance of responsibility, and his support network of family and friends. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence, which is at the low end of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**